JOE BENNETT V. THE STATE.

*No. 3653.   Decided November 14.*

1. **Alibi—Charge of Court.**—Where the defense relied upon was *alibi*, and the court instructed the jury, "If the jury believe from the evidence that defendants were at the place of E. B. at the time F. (the witness) says he saw them in his pasture, in the afternoon of the 31st of December, 1889, the defendant should be acquitted." *Held*, defective, because it required the jury to believe the proof of the *alibi* before they could acquit the defendant.

2. **Same—Reasonable Doubt.**—Under no state of facts can a charge upon *alibi* be correct which requires the jury to believe the proof of *alibi* before they can acquit, the burden being upon the State to show his presence at the place of theft. Evidence in support of *alibi* may be such as to raise a reasonable doubt of guilt, and in that event the defendant should be acquitted.

APPEAL from the District Court of De Witt. Tried below before Hon. H. Clay Pleasants.

The conviction was for theft of a cow, the punishment assessed being two years in the penitentiary. A statement of the facts is unnecessary to elucidate the rulings of the court in the opinion rendered.

*Baker & Sumners*, for appellant, filed an able printed brief, in which among other things they attack the correctness of the charge of the court on *alibi*, citing on this question, in support of their contention, Gallaher v. The State, 28 Texas Ct. App., 247; Crook v. The State, 27 Texas Ct. App., 198; Dyson v. The State, 13 Texas Ct. App., 402; Tyler v. The State, 11 Texas Ct. App., 388; Long v. The State, 11 Texas Ct. App., 381; Deggs v. The State, 7 Texas Ct. App., 359.

*R. H. Harrison*, Assistant Attorney-General, for the State, submitted the case upon the record.

HURT, JUDGE.—This case was before us last November, and was then reversed, because the charge of the court did not submit the question of *alibi* to the jury, and because the rules applicable to circumstantial evidence were not given in charge to the jury.

Upon this trial the learned judge gave to the jury the following instructions upon the question of *alibi:* "If the jury believe from the evidence that the defendants were at the place of Ed. Bennett at the time the witness Friar says he saw them in his pasture in the afternoon of the 31st of December, A. D. 1889, the defendant should be acquitted." This was the only charge upon the subject, and it was specially excepted to, and a bill reserved. Under the facts of this case the charge is wrong, because the defendant may not have been at Ed. Bennett's at the time Friar said he saw them in his pasture, and yet they may have been at Ed. Bennett's place at such a time as rendered it altogether improbable that they were at the place in the pasture at the time Friar said they were. When considered with reference to the evidence relating to *alibi* in this case, the above charge was erroneous.

Under no state of facts could a charge upon *alibi* be correct which requires the jury to believe the proof of *alibi* before they can acquit. By the charge in the indictment, the State asserts that the defendant was the man, or one of the men, who stole the cow. By his plea of not guilty, defendant says that he was not. The State has the affirmative, and the burden of proof is upon the State to prove that he was. Friar swears that defendant was one of the men. To rebut this, evidence was adduced tending to show, and for the purpose of showing, that defendant was somewhere else, and not at the place of the theft at the time the cow was taken or killed. The burden being on the State to show his presence at the place of the theft, all evidence tending to

prove that he was elsewhere tends to negative and disprove his presence at the place of the crime; and the jury are not required to believe that the proof establishes *alibi* in order to acquit. The evidence in support of *alibi* may be such as simply to raise a reasonable doubt of guilt, and in that event the defendant may be acquitted. Walker v. The State, 42 Texas, 370.

*Reversed and remanded.*

Davidson, J., being disqualified, did not sit in this case.