## HENRY MOSS v. THE STATE.

No. 1487.   Decided January 26, 1898.

Motion for Rehearing Decided March 2, 1898.

**1. Bill of Exceptions—Practice on Appeal.**

Bill of exceptions not approved by the trial judge will not be considered on appeal.

**2. Charge of Court—Absence of Statement of Facts.**

In the absence of a statement of facts, the correctness of the charge of the court complained of in the motion for new trial can not be considered.

**3. Information—Changing File Mark on.**

A simple statement in the motion for new trial, that the file mark upon the information had been changed, is entitled to no consideration where the attending circumstances are not stated, and there is no evidence of such change.

ON MOTION FOR REHEARING.

**4. Motion for Rehearing as to Statement of Facts—Practice.**

A motion for rehearing, asserting as a fact that there was on file in the lower court a statement of facts which had been approved by the judge, but which motion is neither sworn to nor accompanied by a certified copy of said statement of facts, can not be considered.

APPEAL from the County Court of Johnson. Tried below before Hon. F. E. ADAMS, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement of facts in the record.

*Bledsoe & Bledsoe,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction for violating the local option law. What purport to be two bills of exception appear in the record, but neither is approved by the trial judge, and therefore they can not be considered. The statement of facts is not incorporated in the record. In the absence of the statement of facts, the grounds of the motion for a new trial, wherein it is contended that the court erred in his instruction to the jury, can not be considered. Nor is there any evidence before us that the file mark on the information has been changed from the 5th of February to the 5th of March. It is simply stated as a ground of the motion for a new trial, as well as a ground of the motion to quash. Without the attending circumstances as to the change of the file mark, if such change was made, we can not undertake to revise the action of the court in that regard; but there is no evidence before us of any such change. No errors appearing, the judgment is affirmed.

<em>Affirmed.</em>

MOTION FOR REHEARING.

"Henry Moss, appellant, v. The State of Texas, appellee. No. 1487. Second Assignment. In Court of Criminal Appeals, Dallas, Texas, A. D. 1898.

"Now comes the appellant and moves the court to set aside the judgment of affirmance rendered and entered herein on the 26th day of January, A. D. 1898, and to grant a rehearing of this case for the following reasons, to wit:

"Because these bills of exception herein were approved by the county judge and filed herein during the term of court at which this cause was tried, and a complete record will show said fact.

"Because the action of the court in permitting the file mark on the information to be changed from February 5th to March 5th, was excepted to at said time, and said action and exception was shown by a proper bill of exception, taken and allowed at said time, and that said bill is contained in the record, but through neglect of the clerk is not shown to have been approved by the trial judge.

"Because the record in this case does not show that appellant entered a plea in this case, or that one was entered for him.

"Appellant would show to the court that Mann Trice, Esq., of Dallas, Texas, is attorney for appellee, and prays that notice of this motion be served in accordance with law.

"BLEDSOE & BLEDSOE, Attorneys for Appellant."

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—At a former day of this term, the judgment in this case was affirmed. The statement of facts was not incorporated in the record. The grounds of the motion for a new trial for that reason

were not, and could not be, considered. The motion for rehearing is based upon the fact that said statement was not considered, and asserts as a fact that the county judge approved a statement of facts, and had it filed during the term at which the case was tried. This motion is signed by the attorneys, but there is nothing to indicate to this court that said statement of facts was approved and filed, or that there was any statement of facts prepared in the case, outside of this statement of the motion. This motion is not sworn to, and there is nothing in it, by way of certificate or affidavit or certified copies, that there is a statement of facts on file in the trial court, approved by the judge. As the matter is presented to us in the motion, we can not consider it.

It is also contended that the judgment does not show that a plea was entered by the defendant on the trial. The judgment in this record disproves that assertion, and shows that he pleaded not guilty. As the motion is presented to us, it can not be granted, and is accordingly overruled.

*Motion overruled.*