## WILL HENDERSON v. THE STATE.

No. 3941. Decided March 20, 1907.

**1.—Aggravated Assault—Alibi—Charge of Court.**

Upon trial for aggravated assault where the defense was an alibi, it was error to charge the jury that defendant was required to prove the fact of his absence from the place of the alleged offense. If the evidence raised the issue of alibi, then if there was a reasonable doubt of defendant's presence he should be acquitted.

**2.—Same—Charge of Court—Misdemeanor.**

In misdemeanor cases where the court fails to instruct the jury upon an issue, defendant must submit the charge; but this rule does not apply where there is an erroneous charge given upon an important issue.

Vol. 51 Crim.—13.

**3.—Same—Unconnected Incidents—Evidence.**

Unconnected incidents upon entirely different matters from the issue on trial should be omitted from the testimony.

**4.—Same—Argument of Counsel.**

Arguments of counsel outside of the evidence should be avoided.

Appeal from the County Court of Navarro. Tried below before the Hon. C. L. Jester.

Appeal from a conviction of aggravated assault; penalty, a fine of $300 and six months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault, his punishment being assessed at six months confinement in the county jail, and a fine of $300.

The State made out a case through its witness Estes, who testified that appellant came to the house of Sam Henderson, a relative of appellant, where the witness Estes was living, sometime during the night after the witness had retired; that appellant was accompanied by others, all of them having their faces blackened as a means of disguise. The witness stated that he did not recognize the others, but that appellant's disguise was very imperfect; it was not sufficient to obscure his identity; that he fully recognized him; that the crowd took him out of his room in his night clothes; took him to a barn near by and hung him by the neck, inflicting pain upon him; that he finally escaped, and that they shot at him as he run away.

Three grounds of aggravation are set up in the information. Appellant's evidence was all introduced to prove an alibi. There were about eight witnesses, including himself, who testified very pointedly and pertinently to the fact that he was at home, and not away from his home during the night. Facts are given by the different witnesses that emphasize the accuracy of their knowledge in regard to appellant's presence at his own home during the entire night on which the assault is alleged to have been committed. Without going into a detailed statement of these matters, which we deem unnecessary, enough has been stated to show that the matter of alibi was the issue upon which appellant's side of the case rested and turned. Submitting this issue to the jury, the court used the following language: "In this case evidence introduced in behalf of defendant suggests an alibi; an alibi is defined to be the presence in another place than that described; when a person charged with a crime proves that he was at the time alleged in a different place from that in which it was committed, he is said to prove an alibi, and if you believe from the evidence that the defendant was in another place than that where the offense charged was committed (if you believe there was an offense

committed) then you cannot convict defendant, and you will acquit him," etc. A bill of exceptions was reserved to this, several grounds being stated. As we understand the law this charge is not correct. It requires the appellant, as a defensive matter, to prove the fact of his absence from the place of the alleged offense. If the evidence raises the issue of alibi, then if there is a reasonable doubt of appellant's presence at the place of the offense, he should be acquitted. This charge, in our judgment, places the burden of proof upon the appellant beyond the reasonable doubt; that is, that he will have to prove beyond a reasonable doubt his absence from the place where the offense should have occurred. This is an affirmative charge given by the court upon a serious question in the case. Where the court has omitted to charge the jury in a misdemeanor case, the rule may be generally stated that the judgment will not be reversed for this reason unless appellant asked the charge submitting the law upon the question wherein the court failed to instruct the jury. That rule does not apply, as we understand it, where there is an erroneous affirmative charge given. This charge having been given, and being erroneous, and upon the serious question in the case, as far as appellant's view of the case is concerned, is of sufficient importance to require a reversal of the judgment, and its re-submission for another jury, especially as the punishment was very heavy.

Appellant reserved exception to the introduction of testimony in regard to Sam Henderson, who seems to be a relative of appellant, carrying some whisky from the town of Rice to his residence in the wagon in which appellant and Sam Henderson rode from Rice to Sam Henderson's residence. What connection this had with the case we do not understand. This occurred Saturday evening, and the alleged assault occurred Sunday night. The assault occurred about an entirely different matter, and the reason for the assault it seems was that the injured party was accused of taking $10 from Sam Henderson. Upon another trial this testimony should be omitted, unless it should be shown to be relevant in some way to the assault.

There were some exceptions also reserved to some remarks of the prosecuting officer, reflecting upon appellant, and in which some matters were stated not in evidence before the jury. Some of these remarks tended or were a statement to the effect that the prosecuting witness was of a good family and character; the other reflected upon appellant's character. Upon another trial these matters will be avoided. Arguments outside of the evidence and illegitimate matters of deductions from the testimony should be avoided. While we might not perhaps be called upon to reverse the case on account of these statements of the prosecuting officer, still we call attention to those matters.

On account of the charge of the court in regard to alibi, and the introduction of the evidence in regard to Sam Henderson carrying

whisky from Rice to his home, which had no bearing upon this case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*