### E. H. RICHARDSON v. THE STATE.

#### No. 6042.   Decided March 16, 1921.

**Unlawfully Transporting Intoxicating Liquors—Insufficiency of the Evidence.**

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence did not show that the defendant was exercising control of the alleged liquor found in an automobile in which defendant and others were riding at the time, the conviction could not be sustained.

Appeal from the District Court of Franklin.  Tried below before the Honorable J. A. Ward.

Appeal from a conviction of unlawfully transporting intoxicating liquors; penalty, one year confinement in the penitentiary.

The opinion states the case.

*L. W. Davidson,* and *F. B. Caudle,* for appellant.—Cited Bass v. State, 127 S. W. Rep., 1020; Davis v. State, 209 id., 749; Middleton v. State, 217 id., 1046.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appellant was convicted of unlawfully transporting intoxicating liquor.

It appears from the statement of facts that the appellant, a young man about twenty-three years of age, while on his way from Gorman, Texas, where he was sojourning to some point in Louisiana, stopped in Mt. Vernon, where he had previously spent some time and had some acquaintances.  He was invited by one, Hughes, and some companions to enter an automobile for the purpose of riding.  In this automobile there was subsequently found by the officers three half-gallon jugs, all of them full of wine.  Hughes, appellant and others were in the automobile, and as shown by the State's testimony, the wine had been purchased and paid for by another, and not by the appellant.

Appellant testified that he had no interest in the wine and that he entered the car only for the purpose of taking a ride.  After it had

89 Tex.—2.

proceeded into the country, one or more of the parties in the car suggested that they get some wine, and appellant, knowing that such was their intention, continued to occupy his seat in the car. It seems that the wine was gotten in a different county from that in which the offense was laid; and according to the testimony, appellant admitted having tasted the wine from one of the jugs to satisfy his curiosity. This was done before the automobile reached the county in which the prosecution was laid.

The court instructed the jury in substance that if the wine was owned by one or more of the appellant's companions and was under control of the owner, and that appellant, riding in the automobile, exercised no control and had no physical possession of the wine, he would not be guilty unless he, by words or act, encouraged the transportation of the wine. In connection with this charge the court instructed upon the law of principals, in substance, in accordance with the statute. The court also gave an instruction confining the jury's authority to hold appellant culpable of acts committed by him in Franklin county. We are of the opinion that the charge was not subject to any just criticism, but we are of the opinion that the jury was not warranted in finding the appellant guilty under the evidence. There was no conflict in the evidence. There were others with the appellant at the time and were not used by the State in contradicting him. The officers who made the arrest declare they saw him exercise no control of the property, as they expressed it. The three jugs were in the car, and the appellant was in the car, which belonged to Hughes and driven by him at the time.

In our opinion, the evidence does not support the verdict and for that reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*