### F. H. WOYTEK v. THE STATE.

No. 8900.     Delivered April 8, 1925.

Rehearing denied May 6, 1925.

**1.—Transporting Intoxicating Liquor—Evidence—Sufficiency of.**

Where the evidence though circumstantial, if believed by the jury, is sufficient to support a conviction, their verdict will not be disturbed, even though the testimony of the accused, which is uncontradicted, exculpates him. Our statute declares the jury to be the judges of the credibility of the witnesses and of the weight to be given to their testimony. Art. 786, C. C. P. And when a jury sees fit to reject the testimony of the appellant, it is not the province of this court to set their findings aside. See Ruling case Law, Vol. 28, p. 660, sec. 245; p. 615, Sec. 202. Vernon's Tex. Crim. Stats., Vol. 2, p. 687. Following Costillo v. State, 266 S. W. 158.

**2.—Same—Election by State—Statement by Court—No Error.**

Where the evidence disclosed that appellant or members of the party with him had a small quantity of whisky in a bottle, also four half gallon jars of it in the car, on motion of appellant to require the state to elect as a basis for conviction, it was not reversible error under these circumstances for the court to verbally instruct the jury to confine their consideration to the testimony touching the jars of whisky found in the automobile, at the time of the arrest, counsel for the state in the presence of the jury having

conceded that the state did not seek a conviction because of the bottle of whisky, but relied solely on the evidence with reference to the jars of whisky.

3.—Same—Evidence—Absence of Codefendant—Explanation Proper.

Where the absence of a codefendant appears, it was not improper for counsel for the state on cross-examination of appellant, to ask him if he knew whether or not such codefendant was in the penitentiary. Following Mercer v. State, v. State, 17 Tex. C. A. 452. See Branch's Ann. Tex. P. C. Sec. 373.

ON REHEARING.

4.—Same—Principals—Charge on—Held Proper.

Under the facts in this case it was the duty of the court to charge on principals, and complaint of appellant that such principals, were also accomplice's, is untenable, as there cannot be an accomplice to the offense for which appellant was convicted, when a witness in any such trial. See Acts 37th Leg., 1st C. S., Chap. 61, subdiv. 2c.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Joe W. Taylor,* and *J. A. Kibler,* of Waco, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is transporting intoxicating liquors; punishment fixed at confinement in the penitentiary for one year.

According to the State's witness Willis, appellant and two other persons were riding in an automobile which was found to contain four half-gallon fruit jars full of whiskey. Leith was driving the car. Appellant and Vosco rode on the rear seat. The fruit jars were in a carton setting in the tonneau and in front of the appellant.

The appellant testified that he was not aware that there was any whiskey in the car; that he had no interest in either the whiskey or the car; the car belonged to Leith.

Leith, Vosco and the appellant were at the same hotel. Vosco was invited to go for a ride in the afternoon in Leith's car. They drove upon a country road to a house. Leith got out of the car, but the appellant remained in or near it. Night had fallen and it was dark when Leith returned. He brought with him a box which he put in the car. The party then went back to Waco, Leith driving the car. There was another man along who left the car before the arrest was made. Leith was the one who planned the trip. Appellant thought the box contained eggs as Leith had

said he wanted to get some eggs. The foregoing is the appellant's version.

Vosco's version was this: After reaching the house to which the party went, all of them got out of the car but he remained in it. Appellant and the stranger went back somewhere and returned in about fifteen minutes. Upon leaving they had nothing in their hands and they returned empty handed. Leith just walked around the car and remained near it. After they returned, a man brought a box. The witness could not say whether it was the stranger who had gone out with them or another who brought the box, but he thought it was the stranger. After the appellant came back, it was not long before the box was brought and put in the car. The man who returned gave the parties same whiskey in a bottle which they drank. Vosco said that he paid no attention to the contents of the box, but that it was put in the car and taken to Waco.

Appellant insists that the evidence is insufficient to support the verdict, arguing that by the appellant's specific statement upon the witness stand that he did not know what was in the box, that he believed it to be eggs, that he had no knowledge that the party was going after whiskey or had gotten whiskey and had no interest in it, that in the course of his testimony the witness Vosco stated that upon leaving the hotel he heard something said about eggs; the appellant's defensive theory was established; and that the inference to be drawn from the circumstances by the jury that the appellant was a principal offender in the commission of the offense, was not sufficient to overcome his specific testimony to the contrary. The appellant's presence, unless there was some other fact to characterize him as a principal offender, would not be sufficient. However, his relation to the transaction was a subject of proof by circumstantial evidence.

There is evidence from which the jury may have concluded that at the time of leaving the hotel, whiskey was one thing upon the minds of the party. Vosco had been drinking whiskey before their departure, appellant had some in his possession, and they drove to the place where the box was acquired which was taken from them at the time of the arrest and found to contain whiskey. At that point some person in the party or connected with it produced some whiskey. Vosco's testimony is direct that he and Leith remained at the car while appellant and the stranger, whose identity was not disclosed at the trial, left and that some one who, according to Vosco's best judgment was the stranger, afterwards brought a carton containing the whiskey and put it in the car between the front and rear seats, the rear seat being occupied by Vosco and the appellant on the return journey to Waco. At the time of the arrest, there were but three men in the car, namely, Leith, Vosco and the appellant. The stranger had disappeared. Without entering into more

detail, we are of the opinion that unexplained, the circumstances were sufficient to connect the appellant with the transaction under conditions supporting the conclusion of the jury that he was a principal offender, that is, that he was a conscious party to the transporting of the whiskey in question. He endeavored to explain it by his own testimony. It the jury had accepted his testimony as true, they should have exculpated him. The court, in an appropriate charge, told the jury to do so.

Our statute declares the jury to be the judge of the credibility of the witnesses and the weight to be given to their testimony. Art. 786, C. C. P. The appellant's interest in the matter and his connection with the offense, especially in view of the circumstances surrounding him, as shown by the record, was such that it cannot be justly said that in discrediting him, the jury acted capriciously or without adequate basis for disbelieving the testimony. See Ruling Case Law, Vol. 28, p. 660, sec. 245, also p. 615, sec. 202. See also Vernon's Texas Crim. State, Vol. 2, p. 687; Costillo v. State, 266 S. W. Rep. 158.

The appellant made a motion to require the State to elect as a basis for conviction, between the evidence that the members of the party had a small quantity of whiskey in a bottle and the testimony that in their car was a carton containing four half-gallon jars of whiskey. The court granted the motion and asked the appellant's counsel if an instruction should be given to the jury upon the subject, but was told by him that such an instruction would be waived. The court then verbally instructed the jury that as a basis for a conviction, they would be confined to the testimony touching the jars of whiskey found in the automobile at the time of the arrest, and in a written charge again instructed the jury that if the appellant was not aware of the fact that the box found in the car at the time of the arrest contained liquor, or if they had a reasonable doubt upon the subject, they would acquit him. Counsel for the State, in the presence of the jury, conceded that the State did not seek a conviction because of the bottle of whiskey, but relied only on the evidence going to show that the jars of whiskey were transported.

There was an exception to the manner in which the court proceeded in the manner of election, but as we understand the record, we think the procedure mentioned does not warrant a reversal of the judgment.

Complaint is made in a bill of exceptions that the prosecuting attorney, on the cross-examination of the appellant, asked him the following questions:

Q. You know Leith is not here?

A. Yes, sir.

Q. He is in the penitentiary, isn't he?

The last question was not answered. The court instructed the jury not to consider it. The bill in which the matter is presented is too meagre to be self-explanatory. However, when construed in the light of the record, we think it does not reveal error, at least not such error as warrants a reversal. Appellant, in his direct examination, testified in a manner as to put Leith in the attitude of bearing the onus of the transaction. To meet any adverse inference that might be drawn from the failure of the State to produce Leith as a witness at the trial to contradict the appellant, it was, in our opinion, competent to show that he was not available. See Underhill on Crim. Ev., 3rd Ed., Sec. 45; Ruling Case Law, Vol. 8, p. 173. The State having failed to introduce Leith as a witness, its failure to do so or to explain his absence would have been a proper subject to comment upon the part of the defense. Mercer v. State, 17 Texas Crim. App. 452; Branch's Ann. Texas P. C., Sec. 373.

Finding no error in the record warranting a reversal, we order an affirmance of the judgment.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The principle of law which declares that when an offense is committed by one person, the mere presence of another is not sufficient to characterize him as a principal offender, has often been recognized. See Branch's Ann. Texas P. C., Sec. 680; Newton v. State, 267 S. W. Rep. 272; Richardson v. State, 89 Texas Crim. Rep. 17.

In our opinion, the conclusion reached upon the original hearing in the present case portrays no departure from this rule. This case was submitted under the law of circumstantial evidence. From the State's standpoint, the evidence reveals a series of acts in addition to his presence which, in our judgment, warranted the court in instructing the jury on the law of principal offenders and which were sufficient to support the finding of the jury against the appellant upon that issue.

The point made in the motion that some of these acts come from the uncorroborated testimony of an accomplice witness is not deemed sound for the reason that it is, declared by statute that in the trial of this character of cases, "the purchaser, *transporter*, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial." (Acts of 37th Leg., 1st Called Session, Chap. 61, subdivision 2c.) Under this statute, Vosco was not an accomplice witness, and the jury was warranted in founding a verdict upon his testimony. In instructing the jury to the contrary, the court was over-generous to the appellant.

The motion for rehearing is overruled.

*Overruled.*