## Lee Cassius v. The State.

No. 11642.   Delivered May 23, 1928.
Rehearing denied June 20, 1928.

The opinion states the case.

*John M. Cobb, Adams & McAlister,* and *W. F. Robertson* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Officers in possession of information went to a certain point on a road out from Nacogdoches, and presently appellant and one Cortinas came along in a car. The officers stopped the car and one of them hailed the occupants. Appellant was driving the car, and as

the officers walked up to it Cortinas broke a glass jug. This broken jug and another one full of whiskey were right in front of the driver's seat. The broken jug also had contained whiskey.

The record is without bills of exception. However appellant brings forward two complaints, based on his exceptions to the court's charge. One of said complaints is that the court did not charge affirmatively upon the defensive theory supported by the testimony of appellant. He claimed that he did not know that the whiskey in question was in the car, and that if same was in said car, it was in the control and possession of Cortinas. Appellant testified on the trial in line with this contention. He said that on the afternoon in question he had driven out to the home of the Cortinas family, and that while there he lent his car to George Cortinas who took same and went somewhere, appellant said he did not know where. When he returned appellant said he got into the car and Cortinas moved over and appellant took the wheel, and drove the car several miles and to the point where the officers stopped them and arrested them. He said he did not know there was any whiskey in the car until Cortinas broke the jug mentioned by the officers. It would appear useless for us to discuss the many authorities in this State holding that the defensive theory should be affirmatively presented. However, examining the court's charge in this case we find that the court told the jury as follows:

"Now, bearing in mind the foregoing rules of law, if you believe from the evidence, beyond a reasonable doubt, that the defendant, Lee Cassius, on or about the time alleged in the indictment, in the County of Nacogdoches and State of Texas, did then and there knowingly transport intoxicating liquor, you will find the defendant guilty and assess his punishment at confinement in the State Penitentiary for any term you see proper not less than one nor more than five years. If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty. Or if you believe the defendant did not know of the intoxicating liquor being in the car, or if you have a reasonable doubt thereof you will find him 'not guilty.' "

It is difficult for us to see just how the court could have more plainly or pointedly told the jury that if they believed appellant did not know intoxicating liquor was in the car, or if they had a reasonable doubt thereof, they should find him not guilty. It would not be necessary under any of the authorities in order to make out a case to show that appellant owned the whiskey in question, or that

he had any pecuniary interest in it. It might have been entirely in the control and possession of Cortinas, but if appellant drove the car and knew the whiskey was in the car at the time he so transported it, he would be guilty under the law.

The other point insisted upon by appellant in his brief is that the court erred in failing to charge the jury the law of circumstantial evidence. We are unable to perceive anything in the facts of this case demanding such charge. Beyond any question appellant did drive the car in which the liquor was transported. This fact was established by direct testimony. The only remaining question was as to his knowledge, which was raised by his testimony, and was submitted to the jury in the charge. When the main facts making out an offense against the law are shown by direct testimony, and the only question left is one of intent, etc., the case is not one on circumstantial evidence. Charles v. State, 85 Texas Crim. Rep. 534; Givens v. State, 98 Texas Crim. Rep. 651.

Being unable to agree with the contentions made by appellant, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant objected to the charge for omitting to instruct the jury that if appellant "had no interest in the whiskey and it was under the control and in the possession of Cortinas" appellant should be acquitted. It is still insisted that such an instruction should have been given under the holding in Richardson v. State, 89 Tex. Cr. R. 17, 228 S. W. 1094, notwithstanding the court told the jury that appellant could not be convicted if they entertained a reasonable doubt as to whether he knew the whiskey was in the car. We think the facts in the present case do not permit application of the principle of law announced in the case referred to. Richardson did not own the car in which he was riding as an invited guest and had no control over its operation or of the liquor in it. In the present case the car belonged to appellant. He was driving it when apprehended. If the liquor had been placed in the car by Cortinas and appellant drove the car with knowledge that the liquor was in it he was transporting the liquor regardless of whether or not he had any interest in it. Being in his car with his knowledge it was under his control in so far as transporting it was concerned. If appellant had loaned his car to Cortinas and he placed the liquor therein without appellant's knowledge or consent, when appellant

discovered that his generosity was being imposed upon by transporting liquor in the car, he could not excuse himself from criminal liability when he made himself a party to knowingly furthering its unlawful use.

The record recites that appellant was present at the trial. No point was made during the trial or upon motion for new trial that he was absent during any part of the proceeding which resulted in his conviction. By a supplemental motion for rehearing in this court appellant for the first time attempts to raise the question by ex parte affidavits that he was on account of sickness absent from the court room during the taking of some evidence, and while the case was being argued, and when the verdict was returned, and that appellant never waived his presence nor authorized its waiver; that he was not on bail but in the custody of the officers of the court who were cognizant of his absence and the cause thereof. It is appellant's contention that the judgment is absolutely void under the circumstances recited in the affidavits. We do not discuss that point. It is sufficient to say now that this is a reviewing court only. If on account of sickness appellant was unable to be in the court room and the trial proceeded in his absence objection could have been urged when that condition arose, or upon motion for new trial, and the question have been preserved and brought before us for review by proper bill of exception. The matter cannot be raised in this court by ex parte affidavits filed here. Donohue v. State, 90 Tex. Cr. R. 541, 236 S. W. 861.

The motion for rehearing is overruled.

*Overruled.*