HUEY McCULLOUGH v. THE STATE.

No. 16832.  Delivered June 13, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 978.

The opinion states the case.

*T. T. Thompson,* of Clarksville, for appellant.

124 *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

There are no bills of exception in the record.

From the statement of facts, it appears that appellant and another person were riding in an automobile. According to the testimony of the sheriff, he saw in the car, in which the appellant and his companion were riding, some whisky. After pursuing the car and finally overtaking it, he arrested the appellant and his companion. The sheriff testified that before the arrest was made he saw a half-gallon jar sitting upon the back seat of the car, which was a Coupe, that after the arrest he found another jar of whisky sitting on the floor of the car between the appellant and his companion; and the back of the car was full of whisky. There were twelve half-gallon jars of whisky.

Appellant testified in his own behalf to the effect that he had been invited to ride in the car and was unaware that there was any whisky in it. His theory was that whisky was put in the car while it was stopped and while he was asleep, and that he knew nothing of it until the time of the arrest. The circumstances were such as to justify the jury in reaching the conclusion that the appellant was cognizant of the presence of the whisky. Appellant had been previously convicted for unlawfully transporting whisky and was given a suspended sentence. He had been twice caught in the act of unlawfully transporting intoxicating liquor. These matters became available to the jury as bearing upon the credibility of the appellant's testimony. There was other testimony that the appellant was under a suspended sentence for unlawfully transporting intoxicating liquor.

The evidence before us would not justify the overturning of the verdict rendered by the jury and approved by the trial court.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists that the evidence is not sufficient to show him guilty of transporting whisky, and he refers us to Richardson v. State, 89 Texas Crim. Rep., 17, and Walling v. State, 94 Texas Crim. Rep., 147, as supporting his contention that he

was merely a guest, riding in the car with one Wilson, when the officers stopped them and found whisky in said car. In Walling's case, supra, the State's witness, upon whom reliance was had for making out the State's case, testified that after the liquor was put in the car Walling was invited to ride therein, and that he knew nothing of the presence of such liquor which was not exposed to view. In Richardson's case, supra, it was developed that appellant claimed to have no connection with the liquor found in the car, and the State failed to use as witnesses, to combat this claim, other persons shown to have been in the car. In Woytek v. State, 100 Texas Crim. Rep., 122, it appears that the accused swore, as in the case before us,—that he was a guest in the car, and that he thought the contents of the box found upon search to contain whisky,—was eggs. We held the circumstances sufficient to justify the jury in concluding appellant a principal offender in the transportation of the liquor.

In the case before us it was in evidence that appellant dealt in liquor; that his reputation for truth and veracity was bad; that on a former occasion he and this same Wilson came along this same road with whisky in a car, and that appellant pleaded guilty to such transportation. The facts admitted by appellant as a witness were that he and Wilson went down in "The big woods." Wilson left appellant at the car and came back later. Appellant said he was asleep when Wilson came back; that Wilson woke him up and said "We are ready to go." The sheriff swore that he saw the car coming; it stopped when a short distance up the road. The car was a coupe, with a place up back of the seat to put things in. The door of the car was opened and a half gallon of whisky was observed by the sheriff sitting up back of the seat. Another half gallon was between appellant's legs in the car. Eleven gallons of whisky were in the back of the car. There is nothing to show any disclaimer on the part of appellant when arrested. The man Wilson made no claim that the whisky was his. The court properly submitted the case on the law of principals. We think the jury were justified in their verdict.

The motion for rehearing is overruled.

*Overruled.*