### JESSE FOWLER v. THE STATE.

No. 19877.   Delivered November 2, 1938.

The opinion states the case.

*M. V. Carson, Jr.*, of Hearne, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of cattle; the punishment assessed is confinement in the State Penitentiary for a term of two years.

The testimony adduced by the State shows that on or about the 10th day of April, 1937, two cattle were taken from the possession of Lupe Hopkins and Julia Ford without the consent

of either. The sheriff was notified as soon as the cattle were missed. He found where they had been loaded into a trailer and followed the tracks to the home of Cheesy Fowler. On the occasion in question, appellant had borrowed his mother's car and a trailer from Jim Bates. The sheriff, in trailing the automobile track, found where the hub of a car had struck a tree and knocked the bark off the same. He found that the rear hub cap on the automobile belonging to appellant's mother had a dent in it. After he had made the investigation, but before appellant was arrested, appellant went to see Julia Ford accompanied by Otho Oldham and in Oldham's presence, admitted to her that they had stolen the cattle and offered to pay for them and Oldham did so. Appellant also admitted to the sheriff a day before his arrest that he had stolen the cattle. He did not testify or offer any affirmative defense. We think the testimony sufficient to sustain the jury's conclusion of appellant's guilt.

A number of bills of exceptions appear in the record complaining of the court's action in overruling certain paragraphs in appellant's motion for a new trial. Such bills present nothing for review. See Simmons v. State, 164 S. W. 843; Howard v. State, 174 S. W. 607.

There is also some suggestion of former jeopardy, but it is wholly insufficient to present the question for review. We find no special plea of former jeopardy in the record, which must be in writing, sworn to, filed and presented at the time of trial. See Article 508, C. C. P.; Hamilton v. State, 29 S. W. (2d) 393; Whiten v. State, 71 Texas Crim. Rep. 555.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.