## Leroy Butler v. State

No. 27,068.  June 26, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 27. 1954

*Reid & Reid,* by *T. M. Reid,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of whisky in a dry area, with a prior conviction alleged to enhance the punishment; the punishment, 30 days in jail and a fine of $100.00.

By a stipulated statement of facts, it was agreed:

That Investigator Bateman of the Texas Liquor Control Board testified that he went to appellant's home on the day in question and purchased one-half pint of whisky from him.

Liquor Control Supervisor Bowman testified that Bateman turned the whisky over to him. He further testified that about two hours after the alleged sale to Bateman he drove by appellant's home and Bateman pointed out the appellant as he sat on the front porch. He also testified that he went to appellant's home later in the evening and found no one at home.

A former conviction for possession of beer in a dry area was established, and it was stipulated that it was the appellant who had been convicted in said cause.

Appellant and his witnesses testified that he had left Abilene the day before the alleged sale was made and did not return until two days thereafter.

The jury rejected the defensive testimony of alibi, and we find the evidence sufficient to support the conviction.

Bill of Exception No. 1 complains of proof of the prior conviction. The contention was that, since the prior conviction was for the unlawful possession of beer, it was not an offense of like character. We observe from the penalty assessed that the jury did not give application to the enhancement statute, and hence the appellant is in no position to complain. However, it seems to have been the holding of this court that the offenses here involved are of like character. Lenore v. State, 137 Texas Cr. Rep. 417, 129 S.W. 2d 657, and Gallagher v. State, 142 Texas Cr. Rep. 133, 151 S.W. 2d 819.

Bill of Exception No. 2 complains of the court's charge on alibi. The only objection relates to the failure of the charge to contain the underlined phrase of the following requested charge:

"You are therefore charged that if you find from the evidence that the defendant was not in Abilene, Texas, on or about 2 o'clock, p. m., on the 12th day of December, 1953, as alleged and relied upon by the State, but was in Haskell, Texas, *or if you have a reasonable doubt thereof,* you will acquit the defendant and say by your verdict not guilty."

We are aware of the general rule that an accused is not required to prove his affirmative defense beyond a reasonable doubt but do not conclude that the charge as given, which omitted any reference to reasonable doubt, placed such a burden upon him.

This court always construes the charge as a whole, and in paragraph six thereof the jury were told that the appellant was presumed to be innocent until his guilt was established by legal and competent evidence beyond a reasonable doubt, and if they had a reasonable doubt as to his guilt they should acquit.

There does not seem to be any uniformity among the decicions of this court on the question here presented. There are decisions which hold that a failure to charge on reasonable doubt in the paragraph of the charge relating to an affirmative defense constitutes reversible error. On the other hand, there

are cases which hold that if the charge as a whole properly presents the burden of proof, then an omission to charge on the burden of proof again in the portion of the charge relating to the affirmative defense does not constitute reversible error. Powell v. State, 28 Texas App. 393, 13 S.W. 599; 601, and Schackey v. State, 41 Texas Cr. Rep. 255, 53 S.W. 877; 879.

The majority are of the opinion that the rights of the accused could in nowise be injured by the charge as given and have concluded that reversible error is not reflected by the bill.

Finding no reversible error, the judgment of the trial court is affirmed.

WOODLEY, Judge (Dissenting).

Appellant was clearly entitled to the submission of his affirmative defense of alibi. He testified that at the time the state's witness claimed to have purchased a half-pint of whisky from him in Abilene, he was in Haskell. Two witnesses who claimed to have been with him testified to the same effect. In fact the sole defense was that appellant and these two witnesses left Abilene for Haskell on December 11th and did not return to Abilene until December 14th, therefore appellant was not and could not have been at his home in Abilene where the state's witness testified that he purchased a half-pint of whisky from him about 2 o'clock P.M. on December 12th.

Appellant objected to the court's failure to submit his defense of alibi and presented the requested charge which is set out in the majority opinion.

The charge requested was a correct charge and it or one of like import should have been given.

But the trial judge refused to give the charge as presented and, over appellant's objections, deleted therefrom the words underlined in the majority opinion "or if you have a reasonable doubt thereof."

My brethren do not question the correctness of the charge as requested, but have reached the conclusion that because elsewhere in the charge the burden of proving appellant's guilt was placed upon the state, he was not injured. They agree that appellant is not required to prove his defense of alibi beyond a reasonable doubt. They do say that they do not conclude that

the requested charge, with the underlined portion relating to reasonable doubt omitted therefrom, placed such a burden upon him.

With these conclusions of my brethren I cannot agree.

Appellant was entitled to have the jury instructed to the effect that if the evidence raised in the minds of the jury a reasonable doubt as to his presence at the time and place where the state's witness testified he purchased the whisky, he should be acquitted. Many cases so holding are listed in Branch's Ann. P.C., Sec. 52, pages 26 and 27. This seems to be the settled law of this state and I do not understand my brethren to hold otherwise.

It is equally well settled that the charge must not make it necessary for the jury to believe the proof of alibi for when alibi is an issue and there is a reasonable doubt as to the defendant's presence at the place where the claimed offense was committed at the time it is claimed he committed it, he is entitled to an acquittal.

Walker v. State, 42 Texas 360; Crook v. State, 27 Texas 242, 11 S.W. 444; Bennett v. State, 30 Texas Cr. Rep. 341, 17 S.W. 545; Henderson v. State, 51 Texas Cr. R. 194, 101 S.W. 245; Branch's Ann. P.C., Sec. 53, pages 27-28.

The conclusion of my brethren that the quoted special charge with the underlined portion omitted did not place the burden upon appellant to establish his alibi rather than to raise a reasonable doubt as to his presence at the scene of the alleged offense appears to be contrary to the holdings of the cases cited.

In Crook v. State, 27 Texas App. 198, 11 S.W. 444, at 447, is found the following:

"Upon the issue of alibi as to the principal, Middleton, the charge is defective. It requires the jury to believe from the evidence that Middleton was not present at the time and place that Black was killed, when the correct rule is that, if the evidence raised in the minds of the jury a reasonable doubt as to his presence at said time and place, he should be found not guilty. This imperfect charge was excepted by the defendant, and is therefore reversible error."

In Walker v. State, 42 Texas 360, a charge to the effect that if the evidence raised a reasonable belief that the accused

was elsewhere than at the place of the homicide at the time of its commission he should be acquitted was refused. This was held to be error.

The Texas Supreme Court, then exercising jurisdiction in criminal cases, said: "The refusal of the judge to give this charge shows clearly that in his opinion a reasonable belief was not a sufficient degree of conviction of the truth of the alibi, but that it must fasten upon their minds to the degree of a moral certainty, or, in his own language, it must be established to their 'entire satisfaction.' "

In Henderson v. State, 51 Texas Cr. Rep. 193, 101 S.W. 245, where alibi was raised, is found the following:

"Submitting this issue (alibi) to the jury, the court used the following language: 'In this case evidence introduced in behalf of defendant suggests an alibi. An alibi is defined to be the presence in another place than that described. When a person charged with a crime proves that he was at the time alleged in a different place from that in which it was committed, he is said to prove an alibi; and if you believe from the evidence that the defendant was in another place than that where the offense charged was committed (if you believe there was an offense committed), then you cannot convict defendant, and you will acquit him,' etc. A bill of exceptions was reserved to this; several grounds being stated. As we understand the law, this charge is not correct. It requires the appellant, as defensive matter, to prove the fact of his absence from the place of the alleged offense. If the evidence raises the issue of alibi, then, if there is a reosonable doubt of appellant's presence at the place of the offense, he should be acquitted. This charge, in our judgment, places the burden of proof upon the appellant beyond the reasonable doubt; that is; that he will have to prove beyond a reasonable doubt his absence from the place where the offense should have occurred. This is an affirmative charge given by the court upon a serious question in the case."

It appears to me that my brethren overlook the fact that alibi is an affirmative defense. It is not raised by testimony of one present at the time and place of the offense denying appellant's presence at such time and place. But it is raised by testimony to the effect that at such time the accused was at another and different place.

The charge as given required the jury to find that appellant was not in Abilene but was in Haskell, before he was to be acquitted. It should have authorized an acquittal if the evidence as to his being in Haskell raised a reasonable doubt in the minds of the jurors of his presence in Abilene.

I cannot agree that the deliberate action of the trial court in refusing to so charge was not prejudicial to appellant.

For the reasons stated, I respectfully enter my dissent to the affirmance.