James Cleveland (Jimmy) BURGETT,
Appellant,

v.

The STATE of Texas, Appellee.

No. 38860.

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Harold F. Curtis, Jr., Floyd A. Hunter, Greenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is assault with intent to murder; the punishment, ten years.

The state's evidence shows that the prosecuting witness, Weldon E. Bradley, was a deputy sheriff in charge of the jail in Hunt County. Appellant was a prisoner and inmate in the jail.

Bradley testified that on the day in question appellant called him around 5 p. m. and said that he wanted to use the telephone. Thereupon, the witness went to appellant's cell and brought him out to the office area, where he used the telephone. After the call was completed, Bradley started back to the cell with appellant. When he stopped at a control box, appellant attacked him with a knife, and a scuffle ensued between them. In describing the assault committed upon him by appellant, Officer Bradley testified as follows:

"Well he was cutting at my throat three or four times with the knife * *

"He was swinging like this.

" * * * he was standing in front of me then and he was just swinging in an arc like that."

He further stated that the knife was traveling at a fast rate of speed when being swung at his throat and that he was in fear of his life, and also that appellant's thrusts with the knife were from the witness's left ear to under his chin and that he received a wound behind the left ear about 1¼ inches long and ⅛ inch deep. The officer further testified that before appellant was subdued he "slid the knife down and said, 'I give up.'" The knife was then recovered by a trusty and was introduced in evidence at the trial as state's exhibit #4. The knife, as described in the testimony, was shown to have a blade approximately 1¾ inches in length and sharp enough to cut a person.

Dr. James E. Nicholson, upon being called as a witness by the state, testified that there were certain vital organs in the neck of a human being, including the jugular vein, and, based upon a hypothetical question describing the assault made by appellant upon the officer, expressed the opinion that it was made with a means calculated to produce death. The doctor further testified that had such an arc with the knife as described been slightly deeper it could have produced death by severing the jugular vein.

Appellant did not testify but called his cell mate as a witness who gave no testimony which shed any light on the manner of the assault.

Appellant predicates his appeal upon eight points of error.

Points of error Nos. one through seven present appellant's contentions that the court erred in overruling his motion to quash certain paragraphs in the indictment alleging prior convictions for the purpose of enhancement, and in permitting the state to read such allegations to the jury. Complaint is also made to the admission in evidence, over appellant's objection, of certain records offered by the state in proof of some of the prior alleged convictions.

The record reflects that no action was taken by the court on appellant's motion to quash the enhancement allegations in the indictment. The record further shows that while the court permitted the state to offer proof as to some of them, the truth or falsity of the enhancement allegations was not submitted to the jury. The court submitted to the jury only the issue of appellant's guilt of the primary offense, and in the charge withdrew from the jury's consideration the evidence offered to prove the prior offenses and conviction and instructed the jury as follows:

"You should not mention or discuss in your deliberations such evidence or that portion of the indictment read to you in attempting to charge such prior offenses."

There is no showing of bad faith on the part of the state in alleging or attempting to prove the prior convictions.

■ In view of such instructions by the court and no enhancement having been made as a result of the jury's verdict, no error is presented. Butler v. State, 160 Tex.Cr.R. 425, 271 S.W.2d 658; Thomas v. State, 172 Tex.Cr.R. 49, 353 S.W.2d 463.

Point of error No. 8 presents appellant's contention that the court erred in overruling his motion for new trial on the ground that he was not present during the voir dire examination of the jury panel on Monday before his case was called for trial on Thursday.

■ This is a matter which must be presented by a formal bill of exception, and in the absence thereof such contention is not properly before us for review. Beard v. State, 164 Tex.Cr.R. 502, 305 S.W.2d 291; Welch v. State, Tex.Cr.App., 373 S.W.2d 497. We observe, however, that the record shows that the jury panel reported on Monday, at which time a jury was

selected to try another criminal case set for trial on that date. After the jury was selected, the balance of the panel was instructed to return for jury service on Thursday. On Thursday, the panel did return, together with three additional members who had not been examined on Monday. Thereupon, the jury panel was examined in the presence of appellant and the jury selected which served in the case. The record affirmatively reflects that appellant was present during all stages of the trial. If the contention was properly before us for review, no error would be presented.

■ Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.