## W. W. HILL v. THE STATE.

### No. 4171.   Decided December 9, 1908.

**1.—Murder—Evidence—Tracks.**

Upon trial for murder where the State's witness testified to various tracks, and that the grass was mashed down near the scene of the killing, such testimony was admissible regardless of whether it subsequently connected defendant with the commission of the crime.

**2.—Same—Evidence—Cross-Examination.**

Where upon trial for murder defendant's counsel asked the witness whether he knew the place where defendant claimed he stood when he fired the shot, and the witness answered that he did; and he was then asked whether he picked up that cartridge at that place, and the witness answered that he did, and defendant's counsel did not ask an opportunity to recross-examine the witness as to his means of information about the exact locality, he could not ask that the answer be excluded because it was adverse or damaging.

**3.—Same—Practice in District Court—Jury and Jury Law—Presence of Defendant—Statutes Construed—Waiver.**

Upon trial for murder it was reversible error to permit the reproduction of certain testimony on request of the jury, in the absence of the defendant who was on bail; and this, although his counsel waived defendant's presence and said that they would not take any advantage of defendant's absence, and although defendant was voluntarily absent; the first section of the Act of the Thirtieth Legislature requiring his personal presence at the trial.

**4.—Same—Conflict of Statute.**

Section 1 of the Act of the Thirtieth Legislature chapter 19, p. 31 requiring the personal presence of the defendant at a trial for felony, controls section 2 of the same act which provides where defendant is out on bail when his trial commences the same shall not thereby be considered as discharged until the jury shall return into court a verdict of guilty, etc.; the defendant must nevertheless be personally present during the trial in all felony cases, and no proceeding can be had in his absence. Distinguishing Choice v. State, 52 Texas Crim. Rep., 285.

**5.—Same—Misconduct of Jury—Former Trial—Defendant as a Witness—Defendant's Failure to Testify.**

Where upon trial for murder the jury in their deliberations used a prior verdict as a predicate for their verdict, and alluded to defendant's failure to testify, and placed defendant's punishment at a higher term of years as in the former verdict, the same was reversible error.

**6.—Same—Evidence—Defendant as a Witness.**

Where upon trial for murder the record showed that defendant testified on a previous trial of his case, his said testimony connecting him with the commission of the offense of which he was on trial was admissible in evidence.

Appeal from the District Court of Hamilton. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of murder in the second degree; penalty, twenty-one years imprisonment in the penitentiary.

The opinion states the case.

*Goodson & Goodson, Martin & George, H. E. Chesley* and *A. R. Eidson,* for appellant.—On question of admitting evidence in the absence of the defendant: Burton v. State, 81 S. W. Rep., 742; Barton v. State, 9 Texas Crim. App., 261; Shipp v. State, 11 Texas Crim. App., 46; Mapes v. State, 13 Texas Crim. App., 85; arts. 733, 735, 736, Code Crim. Proc. On question of misconduct of jury: Gann v. State, 42 Texas Crim. Rep., 133; 59 S. W. Rep., 896; Johnson v. State, 42 Texas Crim. Rep., 298; Lankster v. State, 42 Texas Crim. App., 360; 65 S. W. Rep., 373; Horn v. State, 50 Texas Crim. Rep., 404; 97 S. W. Rep., 822; Casey v. State, 51 Texas Crim. Rep., 433; 102 S. W. Rep., 725; Smith v. State, 52 Texas Crim. Rep., 344; 106 S. W. Rep., 116; Morawitz v. State, 49 Texas Crim. Rep., 366; 91 S. W. Rep., 227. On question of defendant's failure to testify: Tate v. State, 38 Texas Crim. Rep., 261; Vaden v. State, 52 Texas Crim. Rep., 299; 106 S. W. Rep., 367; Brogden v. State, 80 S. W. Rep., 378; Thorpe v. State, 40 Texas Crim. Rep., 346; 50 S. W. Rep., 383; Buessing v. State, 43 Texas Crim. Rep., 85; 63 S. W. Rep., 318; Adams v. State, 42 Texas Crim. Rep., 366; 64 S. W. Rep., 1055; Rogers v. State, 55 S. W. Rep., 817.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at a term of twenty-one years in the State penitentiary.

Bill of exceptions No. 1 shows that while the witness J. T. Preston was on the stand testifying in behalf of the State, and after the witness had testified that he reached the scene of the alleged homicide about 3:30 or 4 o'clock and found R. C. House and his wife, Mrs. House, the father and mother of the deceased, there, and that the said witness examined the ground and the premises where the deceased was, that the witness then proceeded to testify to various tracks and grass mashed down near the scene of the killing, to all of which appellant objected on the ground that same was immaterial, irrelevant and incompetent. This testimony was clearly admissible. It was a question of fact as to whether or not these

facts and circumstances connected appellant with the commission of the crime. Any indicia or evidence of the fact as to how the homicide was done, regardless of whether these facts subsequently connected appellant with the commission of the crime, are always admissible.

Bill of exceptions No. 2 shows that while Tom Askins was on the stand as a witness for the State, the same testimony was produced and the same objection was made as shown in bill of exceptions No. 1. Bill of exceptions No. 3 complains of similar testimony. Bill of exceptions No. 4 complains of the failure of the court to exclude said testimony. None of these objections are well taken.

Bill of exceptions No. 5 shows the following: Defendant's counsel asked the witness R. Q. Murphee the following questions: "Q. Do you know the place where Hill claims to have stood when he fired the shot? A. Yes, sir. Q. Did you pick up that cartridge at that place? A. Yes, sir; about that place. The shell was just about that place." Appellant insists that this testimony should be excluded on the ground that appellant is not responsible and could not be bound by questions asked by his attorneys, and for the reason that the answer of the witness does not show that the witness' information was derived from any statement heard by him from Hill, and because the question and answer both show that it was not intended, either by the question or the answer of the witness, to elicit any information that had been derived from Hill, the appellant, but was merely intended to elicit as a matter of identity the spot where the shell was picked up without reference to how the information was derived. The court refused to exclude this testimony, and there certainly was no error in refusing to do so. Appellant's counsel can not ask questions, and then because the effect is adverse or damaging, ask that the same be excluded. The court says that appellant's counsel did not ask for an opportunity to recross the witness as to his means of information about the exact locality.

Bill of exceptions No. 6 shows that after the jury retired to consider their verdict, they returned into open court and asked to hear the reproduction of certain testimony. The bill is approved with the following explanation: "That at the time the court was informed by the sheriff that the jury wanted the evidence of the witnesses on the points set out in this bill, Hon. G. H. Goodson and Hon. M. T. Martin had left Hamilton for their homes, and Hons. H. E. Chesley and A. R. Eidson were the only attorneys in town, who were representing defendant. The court had them called; they responded, and the court ordered the sheriff to bring out the jury, which was done, and at the time the jury informed the court through their foreman of their wishes, and the court at said time observed that the defendant was not present and remarked to Mr. A. R. Eidson that defendant was absent and Mr.

Eidson replied, 'That is all right, we waive his presence and will take no advantage of that.' The defendant was on bond at the time and was voluntarily absent. That is, he could have remained in the courthouse had he desired to do so. The court then with consent of the defendant's counsel delivered to the jury the evidence, as set out in the bill, which was a literal reproduction of what each witness testified, and was read over by counsel for defendant, and agreed by them to be correct, and that the jury should have it in their room with them while deliberating.

"I do not certify that defendant's counsel had no authority to do this for defendant, as a fact. I do not think they consulted him at all about it before they did it, but as a matter of law, I think they did have that authority." This question brings in review before us the Act of the Thirtieth Legislature, chapter 19, page 31, the first section of which provides that in all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of indictment for misdemeanors where the punishment, or any part thereof, is imprisonment in jail. The second section provides that where the defendant in cases of felonies is on bail when his trial commences, the same shall not thereby be considered as discharged until the jury shall return into court a verdict of guilty and the defendant taken in custody by the sheriff, and he shall have the same right to have and remain on bail during the trial of his case and up to the return into court of such verdict of guilty as under the law he now has before the trial commences; but immediately upon the return into court of such verdict of guilty he shall be placed in the custody of the sheriff and his bail be considered as discharged. It is a well known tenet of statutory construction that where there is an apparent conflict between two provisions of a statute, that a court must give to the statute such a construction as will reconcile the apparent conflict. At first glance it would appear that section 2 gives appellant the right to remain on bail and go where he pleases, but this construction can not be given in this section, because section 1 says the defendant must be personally present at the trial; that is, during the trial in all felony cases. Therefore, if the defendant is not present during the trial, no testimony can be introduced, nor can any proceeding be had in his case that could not have been had prior to the enactment of this statute. But during court when the trial is not actually in progress, the defendant has a right to remain at liberty under the terms and conditions of his bond, but the moment the trial begins and during its entire progress the defendant must be personally present. The terms of his bail bond provide that he shall be personally present and remain from day to day and from term to term. If his case is called at any stage of the trial and the defendant is not present, his bond can immediately be forfeited and an alias capias issued for his arrest and incarceration. We have never had

occasion to pass upon the provisions of this statute but once, and that was in the case of Choice v. State, 52 Texas Cr. Rep., 285. We held there that the court had no legal authority to place appellant in jail during the trial where he was out on bail bond, and that he had a right to go free from restraint of the sheriff during the trial, but we did not intend to be understood as saying that he should not be personally present during the trial. In other words, his bond simply holds him during the entire trial, but that no trial shall proceed in his absence. If he voluntarily absents himself when his case is called for trial or during any stage of the trial, his bond can be forfeited.

Now, recurring to the above facts as disclosed by bill of exceptions, we find that appellant is entirely out of the courtroom when certain evidence is introduced before the jury. It is true this is done with the consent of appellant's counsel, and we do not wish to recommend any advantage taken by counsel of his absence after waiving same, but they have done so, and the bill shows that defendant was not personally present during the progress of his trial. This being true, we must hold that the court erred in permitting any testimony to be introduced in the absence of the defendant. This being a felony case, it devolves upon the State to confront the defendant with the testimony during the progress of the trial. This can not be done if the defendant is not personally present. Furthermore, the statute explicitly says the defendant must be personally present, and, waiving any constitutional question, the action of the court is in the face of the statute. It follows, therefore, that the court committed reversible error in having the testimony introduced during the absence of the defendant.

During the deliberations of the jury the evidence shows that they used a prior verdict in this case as a predicate for this verdict. The evidence relating to this matter is quite voluminous and we do not see fit to collate same, but suffice it to say they repeatedly alluded to defendant's failure to testify, and in addition, after one juror had suggested that the previous verdict was twenty years, another suggested it would not do to make the verdict in this trial the same as the other. They thereupon put the punishment at twenty-one years, showing clearly that the same was considered, and the discussion thereof seriously injured the rights of appellant. We would suggest that upon another trial, that the evidence of guilt be made more satisfactory than it was on this trial. If appellant testified on the previous trial of his case, as the record shows, his testimony connecting him with the commission of this crime is admissible, and should have been introduced.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*