## D. G. WREN v. THE STATE.

### No. 1905.   Decided June 26, 1912.

### Rehearing denied October 30, 1912.

**1.—Local Option—Charge of Court—Sale.**

Where there is an agreement to let one have property of any character and a delivery and acceptance of the property follows, a sale is made, and the law implies a promise to pay therefor a reasonable price.

**2.—Same—Case Stated—Sufficiency of the Evidence—Sale—Charge of Court.**

Where the State's testimony showed that defendant told the prosecutor that he would receive some whisky that day and asked him if he wanted some of it, that the prosecuting witness replied in the affirmative and defendant told him he would leave it for him at his brother's blacksmith shop; that defendant got the whisky and afterwards paid defendant a dollar for it, all of which defendant denied, and asked the court to instruct the jury to find the defendant not guilty if they found that the money was not paid to him.   Held, there was no error in the court's refusal of this charge.

**3.—Same—Testimony Drawn Out by Defendant.**

Where it appeared from the record on appeal that the testimony objected to was drawn out by defendant on cross-examination, there was no error in the court's refusal to withdraw the same from the jury.   Following Hill v. State, 54 Texas Crim. Rep., 646.

**4.—Same—Charge of Court—Order.**

Where, upon trial of a violation of the local option law, the evidence did not raise the issue that defendant ordered the whisky for the alleged purchaser, there was no error in the court's refusal of a special charge thereon.

**5.—Same—Special Charge—Bills of Exception.**

Where the defendant accepts the bills of exception as filed, and it did not appear therefrom that any exceptions were reserved to the charge of the court at the time of the delivery of the same, and no question was raised in the motion for new trial, there was no reversible error.

**6.—Same—Argument of Counsel.**

Where, upon appeal from a conviction of a violation of the local option law, no exceptions appeared in the record or special charge to withdraw the argument of State's counsel, there was no reversible error.

**7.—Same—Sufficiency of the Evidence.**

 Where, upon trial of a violation of the local option law the evidence sustained a conviction and no error was pointed out in the charge of the court, the conviction was sustained.

Appeal from the District Court of Hamilton. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*S. R. Allen* and *Chris Emmett* and *J. C. Shipman,* for appellant.— On question as to what constitutes a sale: Dawson v. State, 55 Texas Crim. Rep., 315, 117 S. W. Rep., 136; Dooley v. State, 52 Texas Crim. Rep., 491, 108 S. W. Rep., 676; Fisher v. Com., 145 S. W. Rep., 737; Strickland v. State, 47 S. W. Rep., 470; Treue v. State, 44 S. W. Rep., 829.

On question of refusing to instruct the jury as to defendant's order for the whisky: Chote v. State, 83 S. W. Rep., 377; Winslow v. State, 50 Texas Crim. Rep., 465, 98 S. W. Rep., 241.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—This is an appeal from a conviction for violating the local option law, the indictment alleging that a sale of intoxicating liquor was made by appellant to C. E. Babbitt. Babbitt testified that he met appellant in the town of Hamilton one morning and that appellant told him he would receive some whisky that day on the train and asked him if he wanted some of it; that he replied in the affirmative, and appellant told him he would leave it for him at his brother's blacksmith shop. After the train came in, Babbitt says, he went to the blacksmith shop and got a quart of whisky from the place where appellant had said he would leave it, and that night in the pool hall he paid appellant a dollar for the whisky. The records of the express office show that appellant received a consignment of whisky on that day.

Appellants admits he received a consignment of whisky that day, but says it had been ordered for himself and others, naming them; but says he did not agree to let Babbitt have any whisky, and did not let him have any; that the whisky Babbitt got at the blacksmith shop was whisky he had left there for one of his brothers, and did not belong to him, appellant. He also says Babbitt approached him at the pool hall that night and tendered him a dollar, saying, "Here is a dollar I owe you," to which he replied,. "You don't no such damn thing," and that he refused to take the money. Under this state of facts appellant's counsel earnestly insist that the court should have instructed the jury that if appellant did not take the money, there was no sale, the charge requested reading as follows: "Gentlemen of

the jury: I charge you that if from the evidence you do not find that C. E. Babbitt paid D. G. Wren the money for the intoxicants, you will find him not guilty, even though you find that Babbitt got the intoxicants." This is not the law as applicable to the evidence in this case, and the court did not err in refusing it. If appellant met Babbitt that morning, and appellant told him he would receive a consignment of whisky that day, and asked him if he wanted some, and receiving an affirmative reply, agreed to leave it at a named place where Babbitt could get it, and did do so, and Babbitt went to the place and got the whisky, the sale was completed if Babbitt never paid for it. Appellant, under these facts, could maintain a suit against Babbitt and recover the purchase price of the whisky, and if no price was named, the value of the whisky. Where there is an agreement to let one have property of any character, and a delivery and acceptance of the property follows, a sale is made and the law implies a promise to pay therefor a reasonable price. (Cyc. vol. 35, page 49, and cases cited.)

A portion of the testimony of the witness Henry Spears should not have been admitted if it had been objected to, but as it appears this portion of the testimony was drawn out by appellant on cross-examination it presents no error. In approving the bill the court states:

"In explanation of the above bill of exceptions, it is fair to the court to state that no exception to the reception of any of the evidence was reserved by the defendant at the time of its admission. The State proved by the witness Spear that Babbitt, prosecuting witness, borrowed a dollar from him, and that Spear saw Babbitt pay the defendant this dollar.

"There was no exception to the admission of this testimony at all.

"On cross-examination the defendant had the witness to state that at the time he, Babbitt, came to witness' house after the dollar in question he, Babbitt, said that he was to get the whisky from Hi (meaning the defendant). After the testimony was all in and when counsel was ready to argue the case the defendant's counsel requested the court verbally to withdraw from the jury the statement of Spear as to what Babbitt said to him about wanting the dollar to pay the defendant for whisky procured from him. This testimony was drawn out by the defendant, and under the rule laid down in Hill v. State, 54 Texas Crim. Rep., 646, same should not have been withdrawn."

As thus presented this does not present reversible error, as the answers of the witness were elicited by direct questions by defendant.

There was no question of an order in the case. Appellant and Babbitt both denied that Babbitt had given appellant any order for the whisky, and appellant's defense was that he had made no order; did not have the conversation with Babbitt about selling him whisky, that he had not sold and had not ordered any whisky for Babbitt and had not delivered any to him.

There being no exception reserved to the charge of the court at the time it was delivered to the jury, nor during the term of court, we

can only consider such grounds as were stated in the motion for new trial, as the court certifies in qualifying the bills that no such bills were reserved. Appellant accepts these bills and files them, and brings to us no evidence that he did reserve such exceptions if he did so. Consequently those matters not in the motion for new trial will not be reviewed. (White's Ann. Code Criminal Procedure, sec. 861.)

We can not review the grounds complaining of the argument of the district attorney as the court certifies no such exception was reserved, and no special charge was asked in regard thereto. The court refusing these bills on the ground that no such exceptions were reserved, we have no evidence that the remarks were used.

There were no special charges requested other than the one herein-before discussed, no exception reserved to the charge at the time it was given, and no error pointed out in the charge as given in the motion for new trial, and if the jury believed the testimony of the State's witness Babbitt, the evidence would support the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 30, 1912.—Reporter.]