## JUAN RUIZ v. THE STATE.

### No. 7033.    Decided June 7, 1922.

**1.—Cattle Theft—Evidence—Confession—Bill of Exceptions.**

The burden is upon the accused making an objection to show that the facts upon which such objection is based are really true, and where it did not appear that any arrest or suggestion of arrest had been made to appellant before the declaration made by him to the State's witnesses, the said confession was admissible; although there was a conflict in said bill and the statement of facts.    The court should use more care in certifying bills of exception.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Authorities are numerous to the effect that a confession of the accused that he committed a crime obviates the necessity for a charge on circumstantial evidence.

**3.—Same—Presence of Defendant—Motion For New Trial.**

Where it was shown without dispute that appellant was in jail and not present, and that in his absence the court heard the evidence of a number of witnesses, pro and con, upon the matters set up in his motion for new trial, the same is reversible error.    Following Gibson v. State, 3 Texas Crim. App., 437, and other cases.    It is necessary that the accused should be personally present when his motion for new trial is heard.

Appeal from the District Court of Jim Wells.    Tried below before the Honorable Hood Boone.

Appeal from a conviction of theft of cattle.    Penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. Broeter* and *R. B. Ellis*, for appellant.—Cited cases in opinion.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jim Wells County of cattle theft, and his punishment fixed at two years in the penitentiary.

Appellant complains of the admission in evidence of an alleged confession made by him to the owner of the stolen animal.    Appellant lived in what was known as Acebo's pasture.    Mr. Ewell, owned a three year old, red, bob tailed steer, which was last seen alive at a place in said pasture near where appellant lived some time in August, 1921.    Appellant's brother-in-law testified that he visited appellant in August, 1921, and was asked to aid in the butchering of a red bob tailed steer about three years old, and that he did assist ap-

pellant in killing said animal, not knowing whether it was the property of appellant or not. Mr. Ewell testified that following a report of the theft of said steer and of the fact that there was fresh meat at or near the home of appellant, he procured a number of men to go with him to appellant's house, one of whom was a Mr. Grimes, of whom Mr. Ewell testified: "I think Mr. Grimes was a deputy sheriff of Jim Wells County." Mr. Ewell and his party accompanied by appellant went to a large thicket in the Acebo pasture and beat through this thicket several times searching for the meat or evidence of the killing of said steer. Finally Mr. Ewell found a quantity of meat drying, hung on ropes and bushes, and at once halloed and appellant was the first man who came to him, and Mr. Ewell testified that as appellant came up, "He told me that I had found it now, and that he would tell me all; that he killed my steer at the place, he didn't know why he did it as I had always been his friend, and that I could do with him whatever I wanted to and he would not blame me." Whether Mr. Grimes was present or came up during this conversation, is not made to appear by the bill of exceptions in any way. The burden is upon the accused making an objection to show that the facts upon which such objection is based are really true. It is not made to appear that any arrest or suggestion of arrest had been made to appellant before the finding of said meat, or that he even knew that Mr. Grimes was an officer. In the bill of exceptions appears the following:

"The witness testified to the further facts: That they did not state to defendant, 'Juan, you are under arrest,' before or after these ashes and bones were found. After I received the report, I called up the sheriff's department or went to the jail and secured Mr. Grimes. We then took Juan Ruiz on to Alice and placed him in jail."

There is a direct conflict between this statement and the statement of facts in regard to the testimony of Mr. Ewell. The statement of facts shows that in the first part of his cross-examination this witness said that he secured Mr. Grimes to go with him, but this statement is nowhere followed by the further statement that, "We then took Juan Ruiz on to Alice and placed him in jail.' We have often called the attention of the trial courts to the need for care in certifying to the correctness of bills of exception, which are ordinarily held by us to control in cases of conflict between same and the statement of facts. While we are of opinion that the facts adduced in the instant matter are insufficient to meet the requirement that the accused show the existence of the grounds of his objection, still in considering this proposition the statement, supra, appearing in the bill of exceptions which is contradictory of that of the statement of facts, would be given weight by us. We think in the condition of the record before us no error was committed by the trial court in admitting the confession.

Complaint is also made of the fact that the trial court refused a charge on circumstantial evidence. Authorities are numerous to the effect that a confession of the accused that he committed the crime, obviates the necessity for such charge. But for the fact that the confession of the appellant was admitted, we think the case one of circumstantial evidence.

The most serious question raised is that the accused was not present at the time his motion for new trial was acted upon, and the case must be reversed for this apparent error. It is shown without dispute that appellant was in jail and not present, and that in his absence the court heard the evidence of a number of witnesses pro and con upon the matters set up in his motion for new trial, and overruled same. There is some contention of a waiver of the presence of appellant by his counsel, which we cannot uphold. A person charged with crime is guaranteed by our Constitution the right to be confronted by the witnesses against him. This means the witnesses testifying against him upon any phase of his trial. Art. 1, Sec. 10, Constitution. It is generally held imperative that the accused be personally present when his motion for new trial is acted upon. Gibson v. State, 3 Texas Crim. App., 437; Krantz v. State, 4 Texas Crim. App., 536; Garcia v. State, 5 Texas Crim. App., 341; Gonzales v. State, 38 Texas Crim. Rep., 64; Hill v. State, 54 Texas Crim. Rep., 646, 114 S. W. Rep., 117; Derden v. State, 56 Texas Crim. Rep., 396, 120 S. W. Rep., 485; Crow v. State, 89 Texas Crim. Rep., 249, 230 S. W. Rep., 151.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*