## ROSCOE PETTY V. STATE

No. 33,950. November 29, 1961
Motion for Rehearing Overruled January 10, 1962

618

*Leland D. Sutton*, Abilene, for appellant, on appeal only.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, six years.

The State's evidence reflects that appellant without any provocation stabbed the injured party in the stomach with a knife which penetrated four inches and cut the small intestine in five places. The doctor who treated the injured party described the wound as one which, without prompt medical care, would probably have resulted in death from the loss of blood.

There was a great deal of evidence pro and con on the question of whether appellant had been drinking, but appellant and his wife testified to facts which could be construed as supporting the defense of temporary insanity. Appellant stated that he did not remember anything in connection with the cutting. Under an appropriate charge, this defense was presented to the jury, was by them rejected, and we find the evidence sufficient to sustain the conviction. We shall discuss the questions raised by brief and in argument.

Appellant first contends that the hearing on the motion for new trial was conducted in his absence. No formal or informal bills of exception appear in the record complaining of such fact, and the question was raised for the first time in this Court on appeal. This Court held in Beard v. State, 305 S.W. 2d 291, that

a formal bill was requisite to raise this question. The case at bar is a far stronger case than Beard or Webb v. State, 278 S.W. 2d 158, upon which appellant relies, because when the district attorney called the court's attention to appellant's absence and the court stated that he did not believe that they might proceed, appellant's then counsel urged the court to hear the evidence, even though appellant was not present, and agreed to raise no objection to the fact that appellant was not present. Subsequent to the hearing, appellant has employed another attorney (his third in this case), and he now raises the question in his brief. In Beard, we called attention to the holding in Garcia v. State, 5 Tex. App., 337, to the effect that if appellant had complained to the trial court about such hearing being held in his absence the court would have had an opportunity to re-hear the evidence . in appellant's presence. We are aware of nothing in Article 755, V.A.C.C.P., as amended, which would prevent this from being done. We do not rely upon waiver, which the court refused to consider in Ruiz v. State, 242 S.W. 231, but upon the failure of accused to move the court to re-hear the evidence in his presence. In short, there is no ruling of the trial court upon which we might predicate a reversal, and the question here raised we do not deem fundamental error.

Appellant next complains of alleged jury misconduct. He relies upon the testimony of five jurors. Juror Keesee testified that sometime prior to the trial he had talked with Dr. Havins, a then member of the Prison Board, was informed that medical treatment was available for inmates, and that he relayed this information to his fellow jurors. He testified further that he explained to his fellow jurors the treatment given first offenders. Juror Starkey testified that an unidentified juror told the other members of the jury about a man who had been sentenced to ten years and had to serve "about three years or something" and that there was a general discussion if the prison authorities thought there was something wrong with appellant the jurors wanted him to get "enough time to get cured."

Juror Ragsdale testified that there "was a little discussion" to the effect that appellant should be given a longer sentence so that he would have ample time to receive all the treatment he needed but that one juror spoke up and said that such was not a matter for their consideration.

Juror Damron testified that there was some discussion in the jury room about how long appellant would have to serve on

a given sentence (he did not elaborate as to what the discussion was) and that one juror said he had heard of a case in which the accused got ten years and was out in "about three years." Price v. State, 199 S.W. 2d 168, and Washington v. State, 277 S.W. 2d 721, upon which appellant relies, do not support his contention that what has been set forth above constituted such jury misconduct as to call for a reversal of the conviction.

Appellant's last contention is that his trial attorney was not competent. So far as this record reveals, such attorney was of appellants' own choosing. In those cases where the court selects and appoints the attorney to represent an accused, this Court reviews carefully the competency of the attorney. Where the accused selects his own counsel, such review is not so searching. Rodriguez v. State, 340 S.W. 2d 61.

Finding no reversible error, the judgment of the trial court is affirmed.

WOODLEY, Presiding Judge, (concurring).

I concur in the affirmance of this conviction because appellant was not in custody, but was on bond, and because the question of his absence at the hearing on his motion for new trial is not raised.