Jacque Darlene **BARTELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43538.

Court of Criminal Appeals of Texas.

March 24, 1971.

Keck & Barnes by Douglas A. Barnes, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of barbiturates. The jury assessed the punishment at 9 months in jail.

Appellant's sole ground of error is the trial court's denial of her motion for new trial, which was based on jury misconduct in receiving new testimony during deliberation.

The record reflects that on April 22, 1969, Officers Sneed and Bennett of the Dallas Police Department observed two males and the appellant, a female, in an automobile being driven recklessly by the appellant along the 5300 block of East Grand Avenue in Dallas. After she made an illegal turn from the wrong lane, Officer Bennett stopped the car. Because the appellant appeared to be unusually nervous, they asked her if she had been in trouble before, and she told them she was on parole for a narcotics violation. They asked her if she had any prescription medicine with her and she handed them a bottle of pills, which were later found to be barbiturates.

The appellant took the stand in her own behalf and testified that she borrowed the pills from a friend to ease the pain caused by some oral surgery, and that her dentist had offered to prescribe them for her, but she refused because she did not think she would need them.

At the hearing on the appellant's motion for new trial, two of the jurors, Dan Francis and Evan Miller, testified as to the alleged misconduct and consideration of new testimony during deliberation. The alleged misconduct concerns the deliberation on punishment.

Their testimony indicated that the jury considered (1) That the Dallas County jail has adequate medical facilities to provide for the appellant, who was pregnant at the time, and (2) That the appellant was a dope addict, that is "she looked like she was one." They also indicated that one juror arrived at a verdict of 9 months through guidance from "the Lord" and that another juror wanted to assess a sentence of 3 years because of her opposition to "dope." The best memory they had of her statement was as follows:

"A It was just that she had some of her relatives and that they had

been through it before and—* * * seemed to be violently opposed to dope."

Vernon's Ann.C.C.P. article 40.03(7) provides for the granting of a new trial "Where the jury, after having retired to deliberate upon a case, has received other testimony; * * *." Art. 40.04, makes this provision applicable to misdemeanors.

Information given by one of the jurors to the others is new and other testimony within the meaning of the statute. In Fernandez v. State, 135 Tex.Cr.R. 12, 116 S.W.2d 1067, this Court, quoting from Frazer v. State, 99 Tex.Cr.R. 89, 268 S.W. 164, stated:

"In determining what is proper and what is improper discussion among jurors, regard must be had for the fact that the jury are supposedly men of different walks of life, avocations, and necessarily views that would be affected by their past experiences and situations. They could hardly arrive at a solution of their differences without discussion of the facts before them, and each man's discussion would necessarily be tinged or affected by his own viewpoint and experiences."

The trial court is the place to decide the issue of fact as to what occurred in the jury room. Walton v. State, Tex. Cr.App., 398 S.W.2d 555. And this Court is bound, in the absence of an abuse of discretion, by the findings of the trial court. Trevino v. State, Tex.Cr.App., 409 S.W.2d 853.

In this case, there was no testimony to conflict with that given by Francis and Miller. The only question then is: Did the events testified to by Francis and Miller constitute jury misconduct and require reversal?

The divine inspiration for a 9 month sentence that the juror Stewart received is not shown to have been discussed by the other jurors. The court did not err in finding this not to be new evidence.

The evidence showed that the appellant had been previously convicted of a drug charge in Ohio, and the drug she possessed was addictive. The discussion over the appellant's condition as a drug addict was a reasonable deduction from the evidence, and further, the jury can draw reasonable conclusions from the appearance of appellant. The court did not err in finding this not to be new evidence or misconduct.

The past experience that juror Ellerson had with "dope" influenced her desire to assess a greater penalty. The law contemplates that jurors will consider their past experiences. Fernandez v. State, supra. Francis testified that the jury arrived at its verdict through a compromise. The court did not err in ruling that the jury did not consider new evidence because of Ellerson's past experience with "dope."

Lastly, there is the allegation that the jury considered what medical facilities the jail had for a pregnant woman. We find that under these facts there is no error. Petty v. State, 171 Tex.Cr.R. 617, 352 S.W.2d 285.

The trial court did not err in overruling the appellant's motion for new trial.

Appellant's ground of error is overruled.

There being no reversible error, the judgment is affirmed.