**Donald Wayne BLOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–086–CR.**

Court of Appeals of Texas, Texarkana.

Sept. 28, 1982.

Steven Greene, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Palmer Kelly, Asst. Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

Donald Wayne Blow was convicted of aggravated robbery. Punishment enhanced by prior conviction was set at thirty-two years confinement. The sufficiency of the evidence is not challenged.

Appellant contends that fundamental error requiring reversal occurred because he was absent during a portion of the hearing on his motion for new trial. The motion for new trial was based on newly discovered evidence. Attached to the motion was an affidavit of Bobby Lee Lewis, a friend of appellant's, in which he stated that he had committed the crime for which appellant had been convicted. When the motion was brought before the trial judge for hearing, the appellant and his counsel were present. The appellant personally advised the judge that his friend had confessed and urged him to let Mr. Lewis appear and confirm the fact. The judge agreed, but questioned Mr. Lewis outside appellant's presence. Appellant's counsel was present at all times. Mr. Lewis maintained throughout the questioning by the court and both lawyers that he committed the crime, but the details he related as to the time, place, and method of committing the robbery were different from those established at the trial. Mr. Lewis was then removed and the appellant was brought before the court where he was advised by the trial judge that his motion for new trial was being overruled. In response to appellant's personal questions about the reasons for the ruling, the judge advised him that Mr. Lewis had attempted to take responsibility for the crime but failed because he did not know the facts. Mr. Lewis was then brought into court, and in the presence of appellant and his counsel, related that his confession was a lie and testified in detail about his agreement with appellant that they would each falsely confess to the other's crimes.

We find no fundamental error in this situation. The only time appellant was absent was when his friend was trying to exonerate him. When the friend recanted and became adverse, appellant and his attorney were both present and had ample opportunity to contest his testimony and refute it by whatever means they could. There is no showing or indication that any harm could have resulted. *Mares v. State,* 571 S.W.2d 303 (Tex.Cr.App.1978). Furthermore, there was no objection, no motion to rehear the testimony, and no bill of exceptions complaining of the incident. In those circumstances there is no ruling of the trial court to review, and the matter does not present fundamental error. *Petty v. State,* 171 Tex.Cr.R. 617, 352 S.W.2d 285

(1961); *Beard v. State,* 164 Tex.Cr.R. 502, 305 S.W.2d 291 (1957); *Tischmacher v. State,* 153 Tex.Cr.R. 481, 221 S.W.2d 258 (1949); see also *Welch v. State,* 373 S.W.2d 497 (Tex.Cr.App.1964).

■ Appellant also urges that the State failed to prove the knife used in the robbery was a deadly weapon. We cannot agree.

A deadly weapon is (1) a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury, or (2) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex.Penal Code Ann. § 1.07 (a)(11) (Vernon 1974). The evidence here showed the knife to be six inches long, exclusive of the handle. It was held close to the abdomen of the victim while appellant robbed him. The victim testified he was in fear of imminent bodily injury or death. A police officer experienced in the results from the use of such weapons testified the knife was capable of causing serious bodily injury or death. This evidence is plainly sufficient to justify the jury in finding the knife was a deadly weapon. See *Davidson v. State,* 602 S.W.2d 272 (Tex.Cr.App.1980); *Cruz v. State,* 576 S.W.2d 841 (Tex.Cr.App.1979); *Denham v. State,* 574 S.W.2d 129 (Tex.Cr. App.1978), and cases there cited.

■ Appellant has filed a supplemental pro se brief raising additional arguments. There is no right to a hybrid representation on appeal. *Rudd v. State,* 616 S.W.2d 623 (Tex.Cr.App.1981). The supplemental brief presents nothing for review, and an examination of the contentions raised therein reveals no error which should be considered in the interest of justice.

The judgment is affirmed.