Affirmed and Memorandum Opinion filed March 21, 2006









Affirmed
and Memorandum Opinion filed March 21, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00310-CR

NO. 14-05-00311-CR

____________

 

JOHN
MICHAEL ENARD, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________

 

On Appeal from the 177th District Court

Harris
County, Texas

Trial Court Cause Nos. 466,285 & 466,286

_____________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant John Michael Enard
appeals the trial court=s denial
of his post-conviction motion for DNA testing. 
In five issues, he complains that (1) the trial court=s ruling
deprived him of his federal and state constitutional rights and (2) the trial
court erred in determining that his identity was not an issue.  We affirm.








Factual
and Procedural Background

Appellant pled guilty to separate
charges of aggravated kidnaping and aggravated sexual assault and was sentenced
in January 1988.  Before sentencing,
appellant wrote two letters to the trial judge in which he admitted
responsibility for his actions and requested leniency in punishment.  The trial court assessed punishment at seventy-five
years=
confinement on each charge, and appellant=s
conviction was later upheld by this court.[1]

In February 2002, appellant filed
a pro se motion requesting post-conviction DNA testing and appointment of
counsel.  After the trial court appointed
counsel, appellant filed a second motion for post-conviction DNA testing under
Chapter 64 of the Texas Code of Criminal Procedure.  In his supporting affidavit, appellant
alleged that physical evidence recovered from the victims would establish his
innocence.  In response, the State filed
a motion to deny DNA testing.  In its
supporting affidavits, the State indicated that the Houston Police Department
Property Room still contained a sexual assault kit with potential DNA
evidence.  However, the State objected to
DNA testing on the ground that appellant=s
identity was not an issue in the case as required by Chapter 64.  See Tex.
Code Crim. Proc. Ann. art. 64.03(a)(1)(B) (Vernon Supp. 2005).  The trial court conducted a hearing in
appellant=s absence and denied his motion,
finding he did not meet the requirements of Article 64.03.  This appeal
followed.

Analysis








In his first four issues,
appellant claims the trial court violated his federal and state constitutional
rights to be present and to confront and cross-examine witnesses by ruling on
his post-conviction DNA motion in his absence. 
Because appellant makes no meaningful distinction between the rights he
is afforded under the federal and state constitutions,[2]
we address his first four issues solely on federal constitutional grounds.  See In re Commitment of Fisher, 164
S.W.3d 637, 645 (Tex. 2005) (AWhere . .
. the parties have not argued that differences in state and federal
constitutional guarantees are material to the case, and none is apparent, we
limit our analysis to the United States Constitution and assume that its
concerns are congruent with those of the Texas Constitution.@);
Ruth v. State, 167 S.W.3d 560, 567 n.3 (Tex. App.CHouston
[14th Dist.] 2005, pet. filed) (same). 

Article 64 of the Texas Code of Criminal Procedure
permits post-conviction DNA testing upon motion if the convicting trial court
finds the convicted person has met certain requirements.  See Tex.
Code Crim. Proc. Ann. arts. 64.01B.03
(Vernon Supp. 2005).  Among these
requirements, the trial court must find the convicted person=s
identity was or is an issue in the case. 
Id. art. 64.03(a)(1)(B). 








In Cravin v. State, 95 S.W.3d 506, 510
(Tex. App.CHouston [1st Dist.] 2003, pet.
ref=d), the
appellant argued he was entitled to be present during Chapter 64 proceedings,
analogizing such proceedings to hearings on motions for new trial and citing as
support Ruiz v. State, 92 Tex. Crim. 73, 242 S.W. 231, 232 (1922), which
held the Texas Constitution guarantees the right to be present at a motion for
new trial hearing.  The Cravin court
rejected this argument and instead analogized Chapter 64 proceedings to
post-conviction writs of habeas corpus.  Cravin,
95 S.W.3d at 510.  The court reasoned
that, unlike criminal trials, post-conviction Chapter 64 and habeas proceedings
do not implicate an appellant=s right
to confront or cross-examine witnesses because they do not necessarily involve
witnesses or accusations against an appellant. 
Id.  Further, the court
held that because appellant was represented by counsel during his Chapter 64
proceeding, his due process rights were not violated, nor was the procedure
fundamentally unfair.  Id. at 510B11.  








We explicitly approved Cravin in Collier
v. State, No. 14-03-00498-CR, 2004 WL 582888, at *2 (Tex. App.CHouston
[14th Dist.] Mar. 25, 2004, pet. ref=d) (not
designated for publication); see also Thompson v. State, 123 S.W.3d 781,
784B85 (Tex.
App.CHouston
[14th Dist.] 2003, pet. ref=d)
(citing and following Cravin). 
Nonetheless, appellant presents the same issues as raised in Cravin and
Collier and argues that Cravin was wrongly decided.  We decline appellant=s
invitation to reconsider this issue. 
Moreover, because appellant was represented by appointed counsel at the
hearing, we find no violation of his due process rights.  See Thompson, 123 S.W.3d at 785; Cravin,
95 S.W.3d at 510B11.  Accordingly, we overrule appellant=s first four issues. In
his fifth issue, appellant claims the trial court erred in using his letters to
the trial judge to determine that his identity was not an issue at trial.  Chapter 64 provides that when considering
such a motion in a guilty plea case, Athe
convicting court is prohibited from finding that identity was not an issue in
the case solely on the basis of that plea.@  Tex.
Code Crim. Proc. Ann. art. 64.03(b) (emphasis added).  However, appellant=s letters
constituted more than a guilty plea.  In
his letters, appellant admitted and apologized for kidnaping and sexually
assaulting the victims, noted he used only a toy pistol, specifically referred
to Athe young
black girl of which I sexually violated@ and Athe other
young lady that I temporarily kidnaped,@ and
expressed his desire to apologize to his victims face-to-face.  Appellant attributed his crimes to his Apsychological
sexual illness,@
explaining that he suffered from an Aoverwhelming,
psychological obsession of wanting to commit oral sex . . . upon sexually
appealing females in a non-consensual manner.@  Considering the specific nature of appellant=s
letters, we find the trial court did not make its determination solely on the
basis of his guilty plea and thus complied with Article 64.03(b).  See Ford v. State, No. 02-05-052-CR,
2005 WL 1838635, at *1 (Tex. App.CFort
Worth Aug. 4, 2005, pet. ref=d) (not
designated for publication) (holding that trial court=s
reliance on written, detailed confession did not constitute improper reliance
on guilty plea); Dorsey v. State, No. 01-03-00549-CR, 2004 WL 1688804,
at *3 (Tex. App.CHouston
[1st Dist.] July 29, 2004, no pet.) (not designated for publication) (ATo the
extent that the convicting court may have relied upon [appellant=s]
admissions, it was not relying solely upon appellant=s
original plea of guilty.@).  Accordingly, we overrule appellant=s fifth
issue.

We affirm the trial court=s
judgment.

 

/s/        Leslie Brock Yates

Justice

 

Judgment rendered and Memorandum Opinion filed March 21, 2006.

Panel consists of Chief Justice Hedges and Justices Yates and Anderson.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  See Enard v. State, 764 S.W.2d 574, 574 (Tex. App.CHouston [14th Dist.] 1989, no
pet.). 





[2]  Although
appellant claims the Texas Constitution affords Athe
right to be present at post trial motions,@ citing Ruiz
v. State, 92 Tex. Crim. 73, 242 S.W. 231, 232 (1922), Ruiz held the
Texas Constitution guarantees the right to be present and confront witnesses at
a motion for new trial hearing, not at all hearings on post-trial motions.  See id.  As discussed below, this right does not extend
to post-conviction motions for DNA testing.