Affirmed and Memorandum Opinion filed September 28, 2006








Affirmed and Memorandum Opinion filed September 28, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00873-CR

____________

 

JOE ROGERS PARKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 829249

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Joe Rogers Parker, appeals from the trial court=s denial of his motion
for post-conviction DNA testing.  In six points of error, appellant complains
the conducting of the hearing on his motion without his presence violated
federal and state constitutional rights, the affidavits submitted by the State
constitute inadmissible hearsay, and the State failed to establish that no
biological materials were in its possession.  We affirm.  








Appellant was convicted of aggravated sexual assault of a
child and sentenced to confinement for life in the Texas Department of Criminal
Justice, Institutional Division.  The First Court of Appeals affirmed appellant=s conviction and
sentence.  Parker v. State, No. 01-00-01007-CR, 2001 WL 953198 (Tex.
App.CHouston [1st
Dist.] Aug. 23, 2001, pet. ref=d) (not designated for publication).  On
September 3, 2002, and December 1, 2003, appellant filed two pro se motions for
post-conviction DNA testing.[1] 
See Tex. Code Crim. Proc. Ann.
art. 64.01 (Vernon Supp. 2005) (providing procedure for convicted person to
submit to convicting court motion for forensic DNA testing of evidence
containing biological material).  On March 22, 2004, the State filed a motion
requesting the denial of DNA testing, with supporting affidavits asserting that
the Houston Police Department (AHPD@) Property Room,
the HPD Crime Lab, the Children=s Assessment Center, and the District
Clerk=s Office were not
in possession of such evidence.  See id. Tex Code Crim. Proc. Ann. art. 64.02 (Vernon Supp. 2005)
(requiring State to deliver evidence to the court, with description of
evidence, or explain why it cannot deliver such evidence to the court).

Appellant filed written objections that the State had
failed to deliver the evidence or explain why it could not deliver the
evidence, he had been denied the right to be present at the hearing on his
motion in violation of his rights to due process and confrontation and
cross-examination, the issues were being decided on affidavits in violation of
his right to confrontation and cross-examination, and the affidavits
constituted inadmissible hearsay.  On August 19, 2004, the trial court denied
appellant=s motions and issued findings of fact and conclusions
of law, finding that, based on the Acredible
affidavits@ submitted by the State, appellant failed to meet the
requirements of Article 64.03(a) of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
64.03(a) (Vernon Supp. 2005) (setting forth requirements that must be satisfied
before the convicting court may order forensic DNA testing).  








In his first through fourth points of error, appellant
contends the hearing on his motions for post-conviction DNA testing violated
his federal right to due process of law and his federal and state rights to
confront and cross examine witnesses because he was not present.  The trial
court=s order denying
appellant=s motion states that counsel for the State and appellant
were present, but appellant was not.  Appellant argues that his Apresence would be
required at any hearing making a final determination of [his] rights.@  Contrary to
appellant=s assumption that chapter 64 requires the convicting
court to conduct an evidentiary hearing on a motion for DNA testing, A[n]othing in
article 64.03 requires a hearing of any sort concerning the trial court=s determination of
whether a defendant is entitled to DNA testing.@  Rivera v.
State, 89 S.W.3d 55, 58 (Tex. Crim. App. 2002).  Rather, the convicting
court may reach a decision on whether evidence exists based on the sufficiency
of the State=s written explanation.  Mearis v. State, 120
S.W.3d 20, 24 (Tex. App.CSan Antonio 2003, pet. ref=d); Cravin v.
State, 95 S.W.3d 506, 509 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).  Thus, no evidentiary hearing is
required.  Mearis, 120 S.W.3d at 24; Cravin, 95 S.W.3d at 509.  








Even if the court holds a hearing on a convicted person=s motion for DNA
testing, the applicant is not entitled to be present at the hearing.  Appellant
contends the statutory procedure for requesting DNA testing is similar in
nature to a post trial motion for new trial and, therefore, he has the right to
be present at the DNA hearing.  See Ruiz v. State, 92 Tex. Crim. 73, 242
S.W. 231, 232 (1922) (holding the Texas Constitution requires the defendant=s presence when
the trial court acts on the motion for new trial).  To the contrary, a post
conviction DNA proceeding is more like a habeas corpus proceeding.  Unlike a
criminal trial in which the guilt of the defendant is at issue and the Sixth
Amendment requires his presence, a habeas corpus proceeding is an independent
proceeding that makes a collateral inquiry into the validity of the
conviction.  Mearis, 120 S.W.3d at 25 (citing United States v. Hayman,
342 U.S. 205, 222B23 (1952); Ex parte Mines, 26
S.W.3d 910, 914B15 (Tex. Crim. App. 2000)).  Like a habeas
corpus proceeding, a post-conviction DNA testing proceeding is an independent
proceeding that makes a collateral inquiry into the validity of the
conviction.  Id.  Thus, appellant was not entitled to be present at any
hearing held by the court on his motion for DNA testing.  See Cravin, 95
S.W.2d at 510  (holding applicant for post-conviction DNA proceeding enjoys
neither presumption of innocence nor constitutional right to be present at a
hearing).  

Finally, because neither the United States nor the Texas
Constitution provides appellant the right to be physically present at a
post-conviction DNA proceeding, he does not have the right to cross examine
witnesses.  Mearis, 120 S.W.3d at 25; Cravin, 95 S.W.3d at 510. 
Because the post-conviction DNA proceeding did not implicate appellant=s due process and
confrontation rights, his first through fourth points of error are overruled.  

In his fifth point of error, appellant contends the trial
court erred in considering affidavits submitted in support of the State=s motion to deny
DNA testing because they constituted inadmissible hearsay in violation of the
Texas Rules of Evidence.  No evidentiary hearing is required and the State is
not required to accompany its response with affidavits; instead, the convicting
court may reach a decision on whether evidence exists based on the sufficiency
of the State=s written explanation.  Mearis, 120 S.W.3d at
24; Cravin, 95 S.W.3d at 509.  Therefore, the rules of evidence are not
implicated and appellant=s fifth point of error is overruled.  

In his sixth point of error, appellant contends the trial
court erred in denying his motions for DNA testing of biological materials
because the State failed to establish that no such materials were still in its
possession.  Appellant asserts that although the State provided affidavits from
the custodians of the HPD Property Room, the HPD Crime Lab, the Child=s Assessment
Center, and the Harris County District Clerk=s Office, each
attesting that no biological evidence related to appellant=s case was in its
possession, the State offered no evidence to show that no other police agency
had seized evidence related to his case or that such evidence would not still
be in that law enforcement agency=s possession. 
Appellant, however, has waived this complaint on appeal by failing to raise it
in the trial court.  Tex. R. App.
P. 33.1.  








In any event, we conclude the State established that it had
no biological evidence in its possession.  We defer to the trial court=s determination of
issues of historical fact and the application of law-to-fact issues that turn
on credibility or demeanor, but review de novo other application of law-to-fact
issues.  Whitaker v. State, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004), cert.
denied, 543 U.S. 864 (2004).  First, chapter 64 does not require the State
to obtain an affidavit of no testable evidence from every lab or law
enforcement agency in the region.  Caddie v. State, 176 S.W.3d 286, 289
(Tex. App.CHouston [1st Dist.] 2004, pet. ref=d).  

Second, the State was not required to submit affidavits
with its motion to deny DNA testing and, in determining whether evidence
exists, the trial court could make the determination based on the sufficiency
of the State=s written response.  Mearis, 120 S.W.3d at 24; Cravin,
95 S.W.3d at 511.  The State=s motion requesting the denial of DNA
testing explained there was no evidence to test because the records of the HPD
Property Room, the HPD Crime Lab, the Children=s Assessment
Center, and the Harris County District Clerk=s Office show
these respective agencies were not in possession of  any DNA-testable
material.  Appellant=s sixth point of error is overruled.  

Accordingly, the judgment of the trial court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment rendered
and Opinion filed September 28, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The trial court apparently appointed counsel to
represent appellant.